IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS DAROUGH, (# 07281-025), | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 13-cv-1301-MJR ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

ORDER SETTING BRIEFING SCHEDULE
ON SECTION 2255 PETITION

REAGAN, District Judge:

In Criminal Case No. 06-30069, Carlos Darough pled guilty to (and was sentenced on) narcotics charges. The sentence included a term of imprisonment, followed by a term of supervised release. Judgment was entered April 30, 2007 (Doc. 50). Darough's sentence was reduced by the undersigned Judge in October 2008, via motion under 18 U.S.C. 3582. Five years later, in October 2013, the United States (through the U.S. Probation Office for this District) moved to revoke Darough's supervised release, based on various violations of conditions of supervision.

Darough initially appeared on the revocation petition before Magistrate Judge Stephen C. Williams. Judge Williams ordered Darough detained pending a final revocation hearing and appointed the Federal Public Defender's Office to represent Darough (Docs. 75, 77). On October 31, 2013, Darough (and Assistant Federal Public Defender Todd M. Schultz) appeared before the undersigned District Judge for a final

hearing on the petition to revoke supervised release. The undersigned Judge sentenced Darough to a 24-month term of imprisonment. Judgment was entered October 31, 2013. No direct appeal was filed.

On December 17, 2013, Darough filed a pro se motion to vacate, set aside or correct his sentence under 28 U.S.C. 2255. Darough's motion presents three claims for relief, summarized as follows:

Ground 1: Attorney Schultz rendered ineffective assistance of counsel to Darough in the revocation proceeding by (a) refusing to appeal the Court's sentence, (b) failing to provide copies of the judgment, the sentencing transcript, and the Guideline Manual provisions for 7B1.1-7B1.4 Grade A-C Violations, and (c) failing to argue factors that could have reduced Darough's guideline range or object to the Judge's sentencing as arbitrary and biased (Doc. 1, p. 6).

Ground 2: The Court wrongfully applied a sentencing range in contravention of the applicable Sentencing Guideline commentary stating that the defendant must be *convicted* of a new criminal charge to be penalized for that conduct (Doc. 1, p. 8).

Ground 3: The Probation Officer and the undersigned Judge violated Darough's rights under the Sixth and Eighth Amendments to the United States Constitution by conducting an unfair hearing, imposing an unfair sentence, failing to protect Darough "due to his unawareness and lack of knowledge of the law," and stripping Darough of freedom before he was convicted of a new charge (Doc. 1, p. 10).

Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS directs the Judge who receives the motion to promptly examine

it. If it plainly appears from the motion, any exhibits, and the record of prior proceedings that the moving party is *not* entitled to relief, the judge must dismiss the motion. Otherwise, the District Court must order the United States Attorney to file an answer or response within a fixed time. Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS explains that if the motion is not dismissed, then depending on the issues raised and briefs filed, the Judge must determine whether an evidentiary hearing is warranted.

Having conducted the prompt examination required by the Rules, the undersigned Judge concludes that Darough's petition is not subject to immediate dismissal. Accordingly, the Court hereby **SETS THE FOLLOWING BRIEFING SCHEDULE.**

- By January 27, 2014, the United States shall file its **response** to Darough's Section 2255 Motion and Supporting Memorandum.

- By February 27, 2014, Darough may file a **reply brief** (no longer than 6 pages) to the United States' response.

IT IS SO ORDERED.

DATED December 18, 2013.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge